Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6755 | **DATE** | October 26, 2011 |
| **CASE TITLE** | Marcus Campbell (#2011-0216076) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#7] is granted. The Court authorizes and orders Cook County Jail officials to deduct $27.79 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff's motions for appointment of counsel [##4,6] are denied as moot.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff has filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his rights. More specifically, Plaintiff alleges false arrest and malicious prosecution in his underlying state criminal case. More specifically, Plaintiff alleges that Defendant City of Chicago violated his rights by falsely arresting him on May 19, 2010, and trying him for the offense of failing to register as a sex offender when he had registered on March 10, 2010. Plaintiff alleges that there was a warrant issued for his arrest, and that he was arrested pursuant to the warrant. Plaintiff also alleges that he was in custody from May 19, 2010 to January 25, 2011, and that when he was tried, he was acquitted.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $27.79. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.
(CONTINUED)

AWL

| STATEMENT |
|---|

Initially, Plaintiff affirmatively pleads that he was arrested pursuant to a warrant. To establish § 1983 claims of false arrest and false imprisonment, a plaintiff must be able to demonstrate that he was arrested and held in custody without probable cause. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003), *citing Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991) (the existence of probable cause is "an absolute bar to the plaintiff's claim for false arrest/imprisonment"). In the case of an outstanding arrest warrant, the warrant and body attachment provide probable cause for the arrest. *See U.S. v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006) (outstanding arrest warrant supports probable cause for arrest whether or not it was correct). As Plaintiff has pled that there was an outstanding warrant that led to his arrest, he may not pursue relief under § 1983.

Additionally, Plaintiff's claim is, in part, one for malicious prosecution. Plaintiff's claim for malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). The Court in *Newsome* held that malicious prosecution is not a constitutional tort so long as state law provides a remedy. *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir.2002); *Griffin v. Chicago*, 406 F.Supp.2d 938, 947 (N.D.Ill.2005). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court.

To the extent that Plaintiff's claim is for false imprisonment, probable cause is a complete defense to both false arrest and imprisonment claims. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). As such, Plaintiff has failed to state a cause of action.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

Plaintiff's motions for appointment of counsel are denied as moot.

*Wm. J. Hibbler*